King *v*. King, Appellant.

Argued March 22, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Albert S. Oliensis,* for appellant.

*Joseph F. Lombardo,* with him *Alvin J. Bello,* for appellee.

OPINION BY WOODSIDE, J., June 13, 1962:

In this case, the plaintiff-husband filed a complaint for a divorce a.v.m. on the grounds of indignities to the person and adultery. After holding several hearings and taking extensive testimony, the master recommended that the divorce be granted on the ground of indignities only. Exceptions by the defendant to this report were dismissed by the court below, and a decree of divorce entered. This appeal followed.

The parties entered into a valid common law marriage in October of 1946. They separated in February

of 1958. One child, Eddie, Jr., was born of this marriage. He is now 15 years of age. The husband is a partner in the ownership of two restaurant-bars, Maxine's in Philadelphia and the New Torch Club in Atlantic City, N. J. He is presently 58 years of age, and his wife is 43 years of age.

Our independent examination of the record leaves no doubt that the wife's conduct constituted indignities. Since the only question raised on this appeal is whether the husband is an innocent and injured spouse, we will just briefly discuss the wife's indignities.

The record shows that the defendant frequently called the plaintiff names of the vilest nature, often in the presence of their son. This conduct occurred with increasing frequency during the latter years of the marriage. The defendant also drank to excess, often becoming intoxicated in public. As a result of her drinking she at times fell asleep with a lighted cigarette, burning pieces of furniture. There are also many incidents of defendant's indiscretions with other men.

The defendant's drinking caused the plaintiff much embarrassment. On one occasion the parties took their son to visit a priest. While there the priest closed the door, telling the defendant that he was doing so because of her breath. At Maxine's, the defendant, because of intoxication fell and had to be taken to the hospital.

The defendant frequently stayed out late at night. On one occasion she did not get home until 10:00 o'clock the next morning. In August of 1958, Eddie, Jr., called his father on the telephone and asked him to come to the house. Upon arriving there, the plaintiff found the defendant in an intimate embrace with a stranger.

The record is abundant with indignities committed by the defendant. It is not necessary to relate more of them. While the defendant denied many of the accusations made against her, the master who was in a

position to weigh the testimony, did not believe her denials. His findings, where credibility is involved, should be given the fullest consideration and should not be lightly disregarded. *Green v. Green,* 182 Pa. Superior Ct. 287, 289, 290, 126 A. 2d 477 (1956).

We have examined the defendant's contention, that the plaintiff is not an innocent and injured spouse, and find it without merit. Her position is that the cause of the marital difficulties was the plaintiff's association with other women. The defendant testified that twelve years prior to the master's hearing she caught the plaintiff in an apartment with another woman, that he often came home with lipstick on his clothes, and that one Margaret Stancavage called her on the phone and said that the plaintiff was going to leave the defendant and marry her.

The master found "That the plaintiff was involved from time to time with other women and that at one instance defendant caught him in another woman's apartment." We are in agreement with this finding. However, it does not preclude the plaintiff from obtaining a divorce. The plaintiff is not blameless in his marital behavior but divorce is not restricted to those complainants who are utterly without fault. *Boyles v. Boyles,* 179 Pa. Superior Ct. 184, 195, 116 A. 2d 248 (1955). "That plaintiff's conduct may have been 'indiscreet' or 'suspicious' is not sufficient." *Rech v. Rech,* 176 Pa. Superior Ct. 401, 411, 107 A. 2d 601 (1954).

Our examination of the record convinces us that while plaintiff here is not "utterly without fault," he is still an innocent and injured spouse. The defendant testified that throughout their entire marriage the plaintiff would come home two or three times a week with lipstick on his clothing. We find this testimony incredible. The fact that the defendant caught the plaintiff in another woman's apartment loses its significance because it occurred ten years before the par-

ties separated. Although the defendant accuses plaintiff of carrying on with other women throughout their entire married life, she not only failed to corroborate this, but she could relate only the one specific incident.

It is evident that this defendant's conduct was not caused by any indiscretions of the plaintiff. The parties here are not equally at fault. The defendant has conducted herself in a manner which was unrestricted by any sense of marital responsibility and which was unrelated to plaintiff's conduct.

Decision affirmed.

MONTGOMERY, J., concurs in the result.